UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **MARCIA PALIZIA CRUZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 05-2136 |
| | ) |
| **MACON RESOURCES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

_____

**OPINION**
_____

On June 20, 2005, Plaintiff Marcia Cruz filed a pro se complaint against Defendant Macon Resources[1] alleging that Macon Resources terminated her employment on the basis of her race and national origin in violation of Title VII of the Civil Rights Act of 1964. Cruz further alleges she was terminated on the basis of her disability in violation of the Americans with Disabilities Act (ADA). On August 4, 2006, Macon Resources filed a Motion for Summary Judgment (#58), and the matter is now fully briefed. For the reasons that follow, the Motion for Summary Judgment is GRANTED.

FACTS

Plaintiff Marcia Cruz began her employment at Defendant Macon Resources in October 1999. Macon Resources provides habilitative/rehabilitative training programs and support services to assist individuals with developmental disabilities, mental illness, or other disabilities and their

---

[1] Cruz also named a number of employees of Macon Resources in her suit. These defendants were dismissed in an Order (#28) entered September 26, 2005. Thus, only Macon Resources remains a defendant in this action.

families. In May 2004, Cruz became a Community Living Services Case Manager at Macon Resources. Cruz's direct supervisor in this position was Judy Busing.

In May 2004, a client of Macon Resources identified as "R" needed to be seen by an optometrist to have a pair of eyeglasses repaired. Carol Reynolds, a developmental technician at Macon Resources, scheduled an appointment for R on May 26, 2004, at 11:15 a.m. Reynolds had scheduled a vacation at that time. On May 17, 2004, Reynolds advised David Wasserkrug, a Community Living Services Case Manager, of appointments which would need to be covered for her while she was gone. Since R was served by Cruz, Wasserkrug approached Cruz between May 17 and 24, 2004, to advise her of R's optometrist appointment. On May 25, 2004, Wasserkrug reminded Cruz of R's appointment. Cruz informed Wasserkrug that she was not going to worry about R's appointment and would find someone else to take R to the appointment.

On May 26, 2004, Brenda Reed, a 24-hour staff support supervisor, asked Cruz whether R had an optometrist appointment scheduled later that day. Cruz told Reed that she did not know when R's appointment was scheduled but she was not going to take R to the appointment. Reed told Cruz that R really needed to attend the appointment. Cruz told Reed that she did not care and was not going to take R. Reed then told Cruz she would have to inform Cruz's supervisor, Busing, of Cruz's refusal. Busing later approached Cruz and asked her to come to Busing's office to discuss the incidents related to R's appointment, but Cruz refused to go to Busing's office. Busing then asked Cruz why she would not take R to the appointment. In response, Cruz said, "I can't take him." Busing reminded Cruz that it was her responsibility as a case manager to ensure that appointments

were kept.[2]  Cruz responded saying she understood she would not receive any credit on her evaluation scores for taking individuals to medical appointments.  Busing informed Cruz that was not accurate and again asked Cruz to accompany Busing to her office, but Cruz again refused.  Cruz indicates she was not feeling well that day.  Notes concerning the incident purportedly written by Busing indicate Cruz stated she "physically can't" come to Busing's office.

Later that day at approximately 4:30 p.m., Busing approached Cruz and informed her that her refusal to meet with Busing in Busing's office was insubordination.  Busing informed Cruz that she should "sleep on" her decision not to discuss the issue with Busing.  The next day, Cruz indicated she was ready to talk and was called into a meeting with Busing and Tamara Bennett, Busing's supervisor and the Director of Community Living Services.  Cruz was informed that her employment was terminated due to her neglect in meeting R's needs, her refusal to perform her job responsibilities, and her insubordination to Busing.

## ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.  Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).  In reaching this decision, the court must consider the evidence in the light most

---

[2]  Cruz's job description includes ensuring "pro-active healthcare" for client needs and assisting the individual served with achieving appropriate healthcare.  The job description further states Cruz may be called upon to provide transportation to individuals served.

favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The burden of establishing that no genuine issue of material fact exists rests with the movant. Jakubiec v. Cities Serv. Co., 844 F.2d 470, 473 (7th Cir. 1988). Furthermore, this court is to construe pro se filings liberally. Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001).

Cruz makes two claims pursuant to Title VII: (1) she was discriminated against due to her race, African-American; and (2) she was discriminated against because of her national origin. Cruz asserts that she is of hispanic national origin, although she is not certain of the country. A claim of discrimination under Title VII may be proven directly or indirectly. O'Neal v. City of New Albany, 293 F.3d 998, 1003 (7th Cir. 2002). In support of her national origin claim, Cruz points to a comment made by a co-worker, Pat Maxwell. Maxwell was not one of Cruz's supervisors. Cruz asserts that Maxwell stated she would employ "a Mexican housekeeper" if she were rich. However, such stray workplace remarks "cannot defeat summary judgment in favor of an employer unless they are both proximate and related to the employment decision in question." Bahl v. Royal Indemnity Co., 115 F.3d 1283, 1293 (7th Cir. 1996). Cruz has failed to demonstrate this comment was in any way related to her termination.

With regard to her race discrimination claim, Cruz first asserts in her response to the motion for summary judgment that Busing referred to her as a "black nigger." Cruz did not make this assertion in her complaint or in her charge filed with the Equal Employment Opportunity Commission. Neither did Cruz indicate this was a basis for her complaint in her deposition testimony. Furthermore, Cruz has submitted no exhibits in support of her response to support this allegation except an ambiguous note allegedly written by Busing apologizing for her "behavior." "A plaintiff cannot create a genuine issue of material fact, thereby precluding summary judgment,

by raising facts for the first time in response to a defendant's motion for summary judgment which were not raised in the complaint." Williams v. Lynch Ford, Inc., 2004 WL 2997508 at *4 (N. D. Ill. 2004). Accordingly, the court will not consider this unsupported allegation.

Because Cruz lacks any direct evidence of discrimination, her claim must be evaluated under the indirect method of proof as established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Traylor v. Brown, 295 F.3d 783, 787-88 (7th Cir. 2002). Under this analytic framework, the plaintiff first must establish certain prima facie elements for a case of race and national origin discrimination: (1) she is a member of a protected class; (2) she was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) similarly-situated employees outside the protected class were treated more favorably. Traylor, 295 F.3d at 788. If the plaintiff can meet this initial showing, then the burden shifts to the employer to assert a legitimate, nondiscriminatory reason for the challenged action. Simmons v. Chicago Bd. of Educ., 289 F.3d 488, 492 (7th Cir. 2002). The burden then shifts back to the plaintiff to present evidence that would allow the trier of fact to conclude that the employer's proffered reason is pretextual. Simmons, 289 F.3d at 492.

In the instant case, Cruz is unable to establish her prima facie case because it is undisputed she was not performing her job satisfactorily. During discovery in this case, Cruz failed to timely respond to Macon Resources' Request for Admission of Facts and Genuineness of Documents. On June 12, 2006, Magistrate Judge Bernthal entered an Order (#54) denying Cruz's motion to enlarge time to respond to the request for admission. Magistrate Judge Bernthal indicated the court would proceed on the basis that Cruz did not respond. Pursuant to Federal Rule of Civil Procedure 36(a), those statements included in the requests for admission are admitted. The Seventh Circuit has stated

that default admissions can serve as the factual predicate for summary judgment. Raymond v. City of Chicago, 183 F. Supp. 2d 1060, 1062 n. 1 (N. D. Ill. 2002). Accordingly, Cruz has been deemed to admit that she refused to take one of her clients to a medical appointment and refused to accompany her supervisor to her office to discuss the incident. The next day, Cruz was terminated for her neglect in meeting R's needs, her refusal to perform her job responsibilities, and her insubordination to Busing. Insubordination in itself has been found an appropriate basis for a determination that an employee was not satisfactorily performing her job and therefore could not establish a prima facie case of discrimination. See Bolton v. Service Corp. Int'l, 2005 WL 2335490 at *7 (N. D. Ill. 2005). Accordingly, because Cruz is unable to establish a prima face case of discrimination, Macon Resources is entitled to summary judgment on Cruz's claims under Title VII.

Cruz also lacks direct evidence that she was discriminated against on the basis of her alleged disabilities. Accordingly, like her Title VII claims, Cruz must proceed under the McDonnell Douglas burden shifting framework which is applicable to ADA cases. See DeLuca v. Winer Indus., 53 F.3d 793, 797 (7th Cir. 1995). Cruz must therefore demonstrate that: (1) she is disabled within the meaning of the ADA; (2) she was meeting her employer's legitimate employment expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment. Rooney v. Koch Air, LLC, 410 F.3d 376, 380-81 (7th Cir. 2005). As discussed above, Cruz cannot establish that she was meeting Macon Resources' legitimate expectations due to her failure to take her client to the medical appointment and her insubordination to Busing. Accordingly, summary judgment is appropriate on this claim as well.

Finally, it appears that Cruz raises a failure to accommodate claim under the ADA. To state a prima facie case of failure to accommodate, Cruz must demonstrate: (1) she was disabled; (2)

Macon Resources was aware of her disability; (3) she was qualified for her job; and (4) her disability caused the adverse employment action." Foster v. Arthur Andersen, LLP, 168 F.3d 1029, 1032 (7th Cir. 1999). Based upon this court's review of the documents submitted by Cruz, it appears Cruz is asserting that she was denied the accommodation of meeting with Busing at her desk rather than accompanying Busing to her office. Cruz asserts she has the following disabilities: polymyalgia, fibromyalgia, myofascial pain disorder, muscle strain, hyperairway disease, chest pain, reproductive disorder, and positive FDG scan with lymphatic abnormalities. Assuming for purposes of the motion for summary judgment that Cruz could establish a disability under the ADA, there is no evidence that Cruz indicated she could not accompany Busing to her office due to any alleged disability. Cruz states in her response to the motion for summary judgment that she asked Busing to speak with Cruz at Cruz's desk because she "physically couldn't" go to Busing's office. There is no evidence in the record that Busing was aware that this statement was in any way tied to Cruz's alleged disabilities. Furthermore, there is no evidence that Cruz made anyone at Macon Resources aware that her alleged disabilities would affect her ability to walk to Busing's office. "Before an employer may be liable for failing to provide an employee with reasonable accommodation, the employer must be aware of the employee's disability." Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 563 (7th Cir. 1996). Furthermore, the record is devoid of any evidence that Cruz's disability was the reason for her termination. In fact, during her deposition when asked to explain why she believed she was discriminated against on the basis of her disability Cruz stated, "I don't know how to explain it." Accordingly, this court finds that Cruz has failed to establish her prima facie case and summary judgment is appropriate on this claim as well.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion for Summary Judgment (#58) is GRANTED.

(2) The final pretrial conference scheduled in this matter for October 26, 2006, and the jury trial scheduled to begin November 6, 2006, are VACATED.

(3) This case is terminated.

ENTERED this 27th day of September, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE